17



FILED

JUN 22 2009

U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

Plaintiff,

-vs-

**D-2 SCOTT K. BRADLEY**

Defendant.

_____/

No. 2:07-CR-20627
HON. Marianne O. Battani

OFFENSES:

**Count 5:** 18 U.S.C. §§ 371, 1037(a)(2)-(3), (b)(2)(C), 1341, 1343 (Conspiracy: Fraud in Connection with Electronic Mail, Mail Fraud, Wire Fraud)

**Count 6:** 18 U.S.C. §§ 1037(a)(2), (b)(2)(C), and 2 (Fraud in Connection with Electronic Mail; Aiding and Abetting)

**Count 13:** 18 U.S.C. §§ 1343 and 2 (Wire Fraud; Aiding and Abetting)

**Count 28:** 18 U.S.C. §§ 1957 and 2 (Money Laundering; Aiding and Abetting)

MAXIMUM PENALTY: 5 yrs on count 5; 3 yrs on count 6, 30 yrs on count 13; 10 years on count 28

MAXIMUM FINE: $ 1,000,000

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant SCOTT K. BRADLEY and the United States Attorney for the Eastern District of Michigan ("U.S. Attorney" or "government") agree as follows:

1. **GUILTY PLEA**

    A. **Counts of Conviction**

Defendant will enter a plea of guilty to **Count 5,** which charges a violation of 18 U.S.C. §§ 371, 1037(a)(2)-(3), (b)(2)(C), 1341, and 1343, **Count 6**, which

charges a violation of 18 U.S.C. § 1037(a)(2), **Count 13**, which charges a violation of 18 U.S.C. §§ 1343 and 2, and **Count 28**, which charges a violation of 18 U.S.C. §§ 1957 and 2. Any other counts against the defendant in this case will be dismissed. The defendant acknowledges that the Court may consider these other counts and any other relevant conduct in determining the appropriate sentence.

B.  **Elements of Offense**

The elements of the offense(s) that the government would need to prove beyond a reasonable doubt at trial are set forth below:

    i.    The elements of **Count 5,** which charges a violation of 18 U.S.C. §§ 371, 1037(a)(2), (3), (b)(2)(C), 1341, and 1343, are as follows:

        (1)    The defendant, with one or more persons, did knowingly and intentionally conspire to commit the following offenses:

            (a)    18 U.S.C. § 1037(a)(2) (bulk e-mailing using proxy computers), the elements of which are: the defendant, in or affecting interstate commerce, did knowingly (i) use a protected computer to relay or retransmit multiple commercial electronic mail

messages, (ii) with the intent to deceive or mislead recipients, or any Internet access service, as to the origin of such messages, and (iii) the volume of electronic mail messages transmitted in furtherance of the offense exceeded 2,500 during any 24-hour period, 25,000 during any 30-day period, or 250,000 during any 1-year period, in violation of 18 U.S.C. §§ 1037(a)(2), (b)(2)(C);

(b) 18 U.S.C. § 1037(a)(3) (bulk e-mailing using falsified headers), the elements of which are: the defendant, in or affecting interstate commerce, did knowingly (i) materially falsify header information in multiple commercial electronic mail messages, (ii) intentionally initiate the transmission of such messages, and (iii) the volume of electronic mail messages transmitted in furtherance of the offense exceeded 2,500 during any 24-hour period, 25,000 during any 30-day period, or 250,000 during any 1-year period, in violation of 18 U.S.C. §§ 1037(a)(3), (b)(2)(C);

(c) 18 U.S.C. § 1341, mail fraud, the elements of which are: (i) the defendant knowingly participated in a scheme to defraud in order to obtain money or property; (ii) the scheme included a material misrepresentation or the concealment of a material fact; (iii) the defendant had the intent to defraud; and (iv) the defendant used the mail or caused another to use the mail in furtherance of the scheme; and

(d) 18 U.S.C. § 1343, wire fraud, the elements of which are: (i) the defendant knowingly participated in a scheme to defraud in order to obtain money or property; (ii) the scheme included a material misrepresentation or concealment of a material fact; (iii) the defendant had the intent to defraud; and (iv) the defendant used or caused another to use wire communications in interstate commerce in furtherance of the scheme.

(2) In furtherance of this unlawful conspiracy, BRADLEY committed an overt act, as further described in the

Factual Basis of Guilty Plea set forth below in Paragraph 1C of this agreement.

ii. The elements of **Count 6**, which charges a violation of 18 U.S.C. §§1037(a)(2), (b)(2)(C), are as follows:

(1) The defendant, in or affecting interstate commerce, did knowingly (a) use a protected computer to relay or retransmit multiple commercial electronic mail messages, (b) with the intent to deceive or mislead recipients, or any Internet access service, as to the origin of such messages, and

(2) The volume of electronic mail messages transmitted in furtherance of the offense exceeded 2,500 during any 24-hour period, 25,000 during any 30-day period, or 250,000 during any 1-year period, in violation of 18 U.S.C. §§ 1037(a)(2), (b)(2)(C).

iii. The elements of **Count 13**, which charges a violation of 18 U.S.C. §§ 1343 and 2, are as follows:

(1) the defendant knowingly participated in a scheme to defraud in order to obtain money or property;

(2) the scheme included a material misrepresentation or

concealment of a material fact;

(3) the defendant had the intent to defraud; and

(4) the defendant used or caused another to use wire communications in interstate commerce in furtherance of the scheme.

iv. The elements of **Count 28**, which charges a violation of 18 U.S.C. §§ 1957 and 2, are as follows:

(1) the defendant knowingly engaged in a monetary transaction;

(2) the monetary transaction was in property derived from specified unlawful activity, specifically wire fraud in violation of 18 U.S.C. § 1343 and mail fraud in violation of 18 U.S.C. §1341;

(3) the property had a value greater than $10,000;

(4) the defendant knew that the transaction was in criminally derived property;

(5) the monetary transaction took place within the United States.

c. **Factual Basis for Guilty Plea**

The parties stipulate that the following facts are true and are a sufficient

and accurate basis for defendant's guilty plea:

From on or about May 2005 through on or about September 2005, defendant SCOTT K. BRADLEY ("BRADLEY" or "defendant") conspired and agreed with Alan Ralsky, Judy Devenow, Francis Tribble, How Wai John Hui and others to send unsolicited bulk commercial electronic mail ("spam"). During this time frame, the defendant served as the chief financial officer and director of operations for the spam email operation, and caused others to transmit tens of millions of spam emails that used false headers and that were sent via proxy mailing, in order to disguise the true origin of the spam emails and prevent recipients and Internet service providers from detecting and blocking them. The term "proxy mailing" means knowingly using protected computers to relay or retransmit the messages with the intent to disguise their origin. The term "false headers" means knowingly and materially falsifying header information and intentionally initiating the transmission of multiple commercial e-mail messages. Many of the spam emails promoted thinly traded stocks for Chinese companies, including those with the ticker symbols CDGT, WWBP, CWTD, and PGCN, and contained materially false and misleading information or omissions. On numerousl occasions, the defendant was responsible for creating the advertising content of these spam e-mail messages. The defendant was aware that interstate wire communications, the U.S. mail, and common carriers were used to

further the fraudulent scheme, which resulted in the defendant and others receiving payments and proceeds from the sale of stocks whose prices were inflated after being promoted by spam email sent in furtherance of the conspiracy.

On or about July 10, 2005, the defendant communicated via electronic mail with other co-defendants, including Alan Ralsky, in which they discussed payment for spam that was sent promoting companies with the ticker symbols CDGT and PGCN. On or about July 11, 2005, the defendant transferred or caused others to transfer $211,595.76 in proceeds derived from the fraudulent stock manipulation scheme from Hang Seng Bank, Ltd. in Hong Kong, to Standard Federal Bank in Michigan and in doing so, he knowingly engaged in a monetary transaction through a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value of greater than $10,000, that is the deposit, withdrawal or transfer of U.S. funds, such property having been derived from specified unlawful activity, that is wire fraud, in violation of 18 U.S.C. §1343 and mail fraud in violation of 18 U.S.C. §1341.

2. **SENTENCING GUIDELINES**

   A. **Standard of Proof**

   The Court will find sentencing factors by a preponderance of the evidence.

   B. **Agreed Guideline Range**

   There are no sentencing guideline disputes. Except as provided below,

defendant's guideline range is **63-78 months**, as set forth on the attached worksheets. If the Court finds:

    i.    that defendant's criminal history category is higher than reflected on the attached worksheets, or

    ii.    that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than **63-78 months**, the higher guideline range becomes the agreed range.

3. **SENTENCE**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

A. **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B.

B. **Supervised Release**

A term of supervised release follows the term of imprisonment. The Court

**must** impose a term of supervised release of no less than 3 years on Count 5, Count 6, and Count 28, and no less than 5 years on Count 13. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

C. **Special Assessment**

Defendant will pay a special assessment of **$ 400** and must provide the government with a receipt for the payment before sentence is imposed.

D. **Fine**

The parties agree that the fine will be no more than the maximum amount of $ 1,000,000.

E. **Restitution**

Because the base offense level is determined using gain rather than loss, there is no restitution.

F. **Forfeiture**

As part of this agreement, pursuant to 18 U.S.C. §§ 1037(c) and 982(b), defendant agrees to forfeit his interest in ($ 500,000) ("Subject Currency"), which constitutes property, or property traceable to gross proceeds, obtained from violations of Title 18, United States Code, Sections 1037(a), 1341, 1343, and 1957, as set forth in this Agreement.

In entering into this agreement with respect to forfeiture, defendant expressly

waives his right to have a jury determine the forfeitability of his interest in the Subject Currency as provided by Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

With respect to the Subject Currency, defendant agrees to the entry of one or more orders of forfeiture of his interests in such property upon application by the United States at, or any time before, his sentencing in this case.

In entering into this agreement with respect to forfeiture, defendant knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

Defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

The forfeiture provisions set forth in this agreement will be superseded by the entry of a subsequent preliminary order of forfeiture, in the amount of $500,000 or less, to be determined. Any assets that are recovered pursuant to the asset forfeiture provisions set forth in this agreement will be credited toward any money

judgment that may ultimately be obtained in the criminal action.

## 4. DEFENDANT'S OBLIGATIONS

Defendant agrees to assist the U.S. Attorney and the Computer Crime and Intellectual Property Section of the U.S. Department of Justice in the investigation and prosecution of others involved in criminal activities, as specified below.

Defendant agrees to provide truthful and complete information pertaining to his and his co-defendants' conduct in this case to the U.S. Attorney and the Computer Crime and Intellectual Property Section of the U.S. Department of Justice and associated federal law enforcement personnel. In the event that any co-defendant in this case does not enter into a plea agreement with the government and chooses to go to trial, defendant will provide truthful and complete testimony as to that co-defendant before any grand jury and at any hearing and trial, as requested by the U.S. Attorney and the Computer Crime and Intellectual Property Section of the U.S. Department of Justice.

Defendant further agrees to be available for interviews in preparation of all such testimony. Defendant will notify the U.S. Attorney and the Computer Crime and Intellectual Property Section of the U.S. Department of Justice in advance if defendant intends to offer a statement or debriefing to other persons other than defendant's attorney. Any actions or statements inconsistent with continued cooperation under this agreement, including but not limited to criminal activity, or a

statement indicating a refusal to testify, constitute a breach of this agreement. Defendant understands that this obligation to provide cooperation continues after sentencing and that failure to follow through constitutes a breach of this agreement.

5. **U.S. ATTORNEY'S AUTHORITY REGARDING SUBSTANTIAL ASSISTANCE**

    A. **Substantial Assistance Determination**

    It is exclusively within the U.S. Attorney's discretion to determine whether defendant has provided substantial assistance in the investigation or prosecution of others and has acted in good faith. Upon the U.S. Attorney's determination that defendant's cooperation amounts to substantial assistance, including but not limited to assistance that results in pleas being entered by other defendants, the U.S. Attorney will either recommend to the Court a sentencing range lower than that specified in paragraph 2, as provided in U.S.S.G. 5K1.1, or will move for a reduction of sentence pursuant to Fed. R. Crim. P. 35, as appropriate. In either case, the sentence will be determined by the Court.

    B. **Adjusted Sentence Recommendation**

    The parties agree that if the U.S. Attorney determines that defendant has provided substantial assistance in the investigation and prosecution of others, the U.S. Attorney will recommend that defendant be sentenced to a specific sentence within a range of **32-39** months. If the determination is made after sentencing, the U.S. Attorney will move pursuant to Rule 35, Fed. R. Crim. P., and will recommend

the same sentence range as stated above. The Court's failure to follow such a recommendation, if made, is not a valid basis for defendant to withdraw the guilty plea or to rescind the plea agreement.

### c. Use of Information Against Defendant

In exchange for defendant's agreement to cooperate with the U.S. Attorney and the Computer Crime and Intellectual Property Section of the U.S. Department of Justice, as outlined above, the U.S. Attorney and the Computer Crime and Intellectual Property Section of the U.S. Department of Justice agree not to use new information that defendant provides (pursuant to this agreement) about defendant's own criminal conduct against defendant at sentencing in this case. Such information may be revealed to the Court but may not be used against defendant in determining the sentence. There shall be no such restrictions on the use of information: (1) previously known to law enforcement agencies; (2) revealed to law enforcement agencies by, or discoverable through, an independent source; (3) in a prosecution for perjury or giving a false statement; or (4) in the event there is a breach of this agreement.

### 6. EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty

- 14 -

plea, if the Court decides to impose a sentence higher than the maximum allowed by Paragraph 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Paragraph 3.

## 7. RIGHT TO APPEAL

If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant waives any right he has to appeal his conviction or sentence. ~~if the sentence~~. If the sentence imposed is within the guideline range determined by Paragraph 2B, the government agrees not to appeal the sentence, but it retains its right to appeal any sentence below that range.

## 8. CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA OR VACATION OF CONVICTION

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a

timely manner, including any claim that they were filed after the limitations period expired.

## 9. PARTIES TO PLEA AGREEMENT

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan and the Criminal Division of the U.S. Department of Justice.

## 10. SCOPE OF PLEA AGREEMENT

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. It supersedes all other promises, representations, understandings, and agreements between the parties concerning the subject matter of this plea agreement that are made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

This agreement does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

11. ACCEPTANCE OF AGREEMENT BY DEFENDANT

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on _____. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

TERRENCE BERG
UNITED STATES ATTORNEY

_____
SHELDON LIGHT
CHIEF, ECONOMIC CRIMES UNIT
ASSISTANT UNITED STATES ATTORNEY

_____                    _____
MONA SEDKY SPIVACK                         THOMAS DUKES
TRIAL ATTORNEY                             TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE        UNITED STATES DEPARTMENT OF JUSTICE

DATE: 6/22/09

BY SIGNING BELOW, DEFENDANT ACKNOWLEDGES THAT HE HAS READ (OR BEEN READ) THIS ENTIRE DOCUMENT, UNDERSTANDS IT, AND AGREES TO ITS TERMS. HE ALSO ACKNOWLEDGES THAT HE IS SATISFIED WITH HIS ATTORNEY'S ADVICE AND REPRESENTATION. DEFENDANT AGREES THAT HE HAS HAD A FULL AND COMPLETE OPPORTUNITY TO CONFER WITH HIS LAWYER, AND HAS HAD ALL OF HIS QUESTIONS ANSWERED BY HIS LAWYER.

DATE:

_____                    _____
NEIL FINK                                  SCOTT K. BRADLEY
ATTORNEY FOR DEFENDANT                     DEFENDANT

DATE: 6/18/09                              6-18-09